**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:18-CR-70-TLS |
| | ) | |
| JEFFREY GAUNT | ) | |

## OPINION AND ORDER

The Defendant, Jeffrey Gaunt, has been ordered detained pending trial on charges that he manufactured 100 or more marijuana plants, a violation of 21 U.S.C. § 841(a)(1) (Count 1), possessed with intent to distribute marijuana, a violation of 21 U.S.C. § 841(a)(1) (Count 2), maintained a place for purposes of manufacturing and selling marijuana, a violation of 21 U.S.C. § 856(a)(1) (Count 3), possessed a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c) (Count 4), and unlawfully possessed a firearm and ammunition, having previously been convicted of felonies, a violation of 18 U.S.C. § 922(g)(1) (Count 5). The Defendant faces potential penalties of at least five years to forty years imprisonment on Counts 1 and 2, not more than twenty years imprisonment for Count 3, a range of between five years and life imprisonment on Count 4, and imprisonment of not more than ten years for Count 5. This matter is before the Court on the Defendant's Motion for Revocation or Amendment of Detention Order [ECF No. 12] filed pursuant to 18 U.S.C. § 3145(b), which provides for district court review, upon motion by a defendant, of a Magistrate Judge's detention order.[1]

The Government requested the detention of the Defendant pending trial on grounds that the Defendant was a danger to the community and a risk of flight. (*See* Mot. for Detention, ECF

---

[1] For reasons, which are under review, the Court did not receive electronic notice through CM/ECF of the pending Motion, which was filed in the Magistrate cause number. Additionally, the Government did not file any response to the Defendant's Motion.

No. 5.) On July 5, 2018, Magistrate Judge John E. Martin conducted a detention hearing. He found that 18 U.S.C. § 3142(e)(3) created a rebuttable presumption that no condition or combination of conditions of release would reasonably assure the Defendant's appearance or the safety of the community. The Magistrate Judge concluded that the Defendant had not introduced sufficient evidence to rebut the presumption and, further, that the presumption was strengthened by the large quantity of marijuana found, the Defendant's attempt to destroy or hide evidence, the severity of the charges and the length of the potential prison term, the Defendant's prior criminal history, and admission of a recent physical altercation. Thus, the Defendant was ordered to be detained pending trial.

A defendant may file a motion seeking review or revocation of a detention order when the defendant has been "ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court." 18 U.S.C. § 3145(b). A district court may review a magistrate's detention order without holding a new hearing. *See United States v. Sophie*, 900 F.2d 1064, 1071 (7th Cir. 1990) ("An evidentiary hearing is necessary only if the party requesting the hearing raises a significant disputed factual issue.").

The argument for revocation set forth in the Defendant's Motion consists of the following assertions:

- At th[e detention] hearing, Defendant both proffered and elicited witness testimony that demonstrated that he was not a risk to the public nor a risk for non-appearance in this case.

- Defendant believes that the layered hearsay testimony offered by the government which failed to support all the allegations in the Complaint was insufficient to maintain the presumption of detention in this case.

2

- Defendant believes that the proffers and testimony presented by the defense was sufficient to rebut the presumption of detention in this case.

(Mot. 1, ECF No. 12.) The Defendant also states that he would not object to any conditions of pretrial release, and offers several example conditions.

The Bail Reform Act requires a judicial officer to order pretrial release on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Detention can be based on a showing of either dangerousness or risk of flight; only one is required. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). If such unconditional release will not reasonably assure appearance or will endanger safety, then the judicial officer must consider a number of conditions to accompany the release order. 18 U.S.C. § 3142(c). However, if, after a hearing pursuant to § 3142(f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall order detention pending trial. *Id.* § 3142(e).

Section 3142(e) provides for two rebuttable presumptions in favor of detention. Because the Defendant's drugs and firearms offenses meet the requirements of § 3142(e)(3)(A) and (B), the Magistrate Judge was correct to find that his offense triggered a rebuttable presumption in favor of detention. A defendant can rebut the presumption by "coming forward with some evidence that he will not flee or endanger the community if released." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). The rebutted presumption, however, is not erased. *Id.* "Instead it remains in the case as an evidentiary finding militating against release, to

3

be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.*

The factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community fit into four general categories. They take into account the available information concerning—(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including—(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

The Court considers first the Defendant's argument that the Government's layered hearsay testimony did not support all the allegations in the criminal complaint sufficiently to maintain the presumption of detention. The Court rejects any claim that this case does not fall within the statutory presumption, as the Magistrate Judge made the appropriate finding of probable cause for the triggering crimes. *See* 18 U.S.C. § 3142(e)(3)(A), (B); *see also Dominguez*, 783 F.2d at 706 n.7 ("A defendant indicted for crimes that trigger the presumptions in § 3142(e) should expect the presumption to be applied to him and proceed accordingly."). The hearsay argument is a nonstarter, as "[t]he rules concerning admissibility of evidence in criminal

trials do not apply to the presentation and consideration of information" at a detention hearing. 18 U.S.C. § 3142(f). Perhaps the Defendant's argument is intended as an attack on the weight of the evidence against him. Such an argument would not be persuasive. Well over one hundred live marijuana plants, processed and packaged marijuana, rounds of ammunition, and firearms were recovered from his residence, as well as scales and packaging paraphernalia. The firearms were located in proximity to processed marijuana.

The Defendant's remaining arguments—that he proffered and elicited witness testimony that sufficiently rebutted the presumption, and that demonstrated he was not a risk to the public or a risk for non-appearance—are not developed. These wholly conclusory arguments do not identify how the Defendant believes the presumptions regarding his dangerousness or flight risk have been rebutted. Nor do they address any of the statutory factors, such as the nature of the charged offenses, the weight of the evidence against the Defendant, or the severity of the potential penalties. Nonetheless, the Court has reviewed in full the proffers and the testimony presented to the Magistrate Judge during the detention hearing.

Witnesses who testified on the Defendant's behalf included the Defendant's fiancée and several neighbors. They testified to the Defendant's bond with his neighbors and to the inherited familial property, some health restrictions, and employment. By all accounts, the Defendant was a helpful, well-liked neighbor and friend. However, the witnesses did not have knowledge that the Defendant was growing marijuana on his property, or that he possessed firearms. Many of them did not know the details about his past criminal history.

Even if some of the Defendant's history and characteristics, such as ties with his neighbors, connection to the inherited familial property, or employment, lessen the risk of non-

appearance, the Court finds that they do not outweigh the other factors or overcome the presumption against release. Given the significant penalties the Defendant is facing, these same ties and connections, and more, would be lost if he were convicted. Additionally, countered against the Defendant's good will toward neighbors that he likes, is his willingness to take physical action against others who cross him. The record contains evidence that the Defendant was willing to engage in a certain level of violence. He also has a record of substance abuse that is appropriate to weigh in this matter. The neighbors who testified held the opinion that the Defendant would not present a risk to any member of the community, and that he would not fail to appear for court dates, but their opinions are not based on the totality of the factors that must be considered by this Court. These neighbors could not have considered the weight of the evidence against the Defendant, the potential penalties he is facing, or his record of involvement in the criminal justice system.

Although the Defendant, by proffer, disagreed that he has failed to appear for court proceedings in the past, the Pretrial Bond Report indicates that the Defendant twice failed to appear. It is one of the factors that the probation officers relied upon to conclude that he poses a risk of nonappearance and to recommend that he be detained pending trial. The Court also takes into account that, when it appeared to the Defendant that his illegal activity had been detected by law enforcement, he attempted to hide or destroy evidence and ran to his truck in what could reasonably be considered an attempt to flee. Now that he is facing a five-count Indictment and a considerable prison sentence, the Court cannot say that any conditions or combination of conditions will reasonably assure his appearance, including those mentioned by the Defendant in his Motion—electronic monitoring, a lien against his real estate asset, or surety bond. The matter

is a closer call when it comes to the presumption of risk to the safety of the community if he were released, but the Court is not basing its decision on that prong.

The Court recognizes that pretrial confinement is a severe restriction on freedom. Because criminal defendants are entitled to a presumption of innocence, the court must review all evidence and relevant factors carefully and thoroughly to prevent arbitrary and unwarranted deprivations of person liberty. The Court does not base the present decision to detain the Defendant solely on the application of the rebuttable presumption in § 3142(e). Rather, the Court evaluated and weighed the relevant factors in § 3142(g). Based on this analysis, the Court finds that the Defendant is a flight risk and that no condition or combination of conditions will reasonably assure his appearance at trial.

**CONCLUSION**

For the reasons stated above, the Court DENIES the Defendant's Motion for Revocation or Amendment of Detention Order [ECF No. 12].

SO ORDERED on November 15, 2018.

                                       s/ Theresa L. Springmann
                                       CHIEF JUDGE THERESA L. SPRINGMANN
                                       UNITED STATES DISTRICT COURT